FILED
2019 APR 18 PM 2:40
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ JMO _____
       DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MIGUEL HERNANDEZ, | § | |
| Reg. No. 90328-380, | § | |
|     Movant, | § | |
| | § | EP-18-CV-144-FM |
| v. | § | EP-17-CR-674-FM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Miguel Hernandez seeks resentencing through a pro se motion under 28 U.S.C. § 2255. He claims an entitlement to relief because his counsel provided constitutionally ineffective assistance. Mot. to Vacate 4–5, ECF No. 179.[1] The United States of America (the Government) counters Hernandez "has failed to demonstrate that his attorney's actions were ineffective or that [he] was prejudiced." Gov't's Resp. 18, ECF No. 200. For the reasons discussed below, the Court will deny Hernandez's motion. The court will additionally deny Hernandez a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

In July 2016, Drug Enforcement Administration (DEA) special agents opened an investigation on Hernandez. *See* Plea Agreement (Factual Basis), ECF No. 113. They suspected Hernandez conspired with others to import large quantities of cocaine and marijuana from Mexico into El Paso, Texas, for distribution to Dallas, Texas, Oklahoma City, Oklahoma, and other cities. They eventually identified Hernandez, through confidential sources, as the leader of a drug-trafficking organization.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-17-CR-674-FM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

On February 9, 2017, the DEA special agents obtained authorization from the Court to intercept Hernandez's electronic communications. On March 18, 2017, they overheard Hernandez talking on his cellular phone about taking delivery of 164 pounds of marijuana. On March 25, 2017, they listened as Hernandez, again on his cellular phone, coordinated the distribution of 103 pounds of marijuana.

At the time of the investigation, Hernandez already had a felony drug conviction. Hernandez was found guilty on March 3, 2009, in El Paso County Criminal District Court No. 1, under cause number 20080D03232, for felony possession of marijuana with a gross aggregate weight of between five and fifty pounds.

On October 17, 2016, Hernandez, then a convicted felon and prohibited person, knowingly possessed a firearm—a New Frontier Armory AR/L W-15. On June 16, 2017, Hernandez knowingly possessed another firearm—a Colt .45 pistol.

On July 12, 2017, a grand jury returned a five-count superseding indictment charging Hernandez with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (count one); possession of a firearm by a convicted felon (counts two and five); and possession with intent to distribute a quantity of marijuana (count four). Superseding Indictment, ECF No. 35. Additionally, the Government filed notice it would seek an enhanced punishment based on Hernandez's prior conviction for possession of marijuana. Information, ECF No. 62.

Hernandez's counsel negotiated a plea agreement with the Government. Plea Agreement, ECF No. 113. Under its terms, Hernandez agreed to plead guilty to counts one, two, and five of the superseding indictment. *Id.* at 1. He waived his right to appeal or

collaterally attack his sentence, except "on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." *Id.* at 4–5. He also admitted "that the facts set out in the attached factual basis as alleged by the Government [were] true and correct." *Id.* at 6.

In signing the plea agreement, Hernandez acknowledged he understood the maximum punishment for his offenses and how the Court would consult with the United States Sentencing Guidelines before imposing his sentence:

### RANGE OF PUNISHMENT

> The Defendant understands that for Count One, the range of punishment for the Defendant's offense is a term of imprisonment which may not be less than five (5) years and not more than forty (40) years, a fine not to exceed $5,000,000, a term of supervised release of at least four (4) years, and a $100 special assessment.
>
> The Defendant understand that for Counts Two and Five, the range of punishment for the Defendant's offense is a term of imprisonment of not more than ten (10) years, a fine not to exceed $250,000, a term of supervised release of at least three (3) years, and a $100 special assessment.

### IMPOSITION OF SENTENCE

> The parties agree that the Court will consult with and take into account the United States Sentencing Guidelines ("the U.S.S.G.") and accompanying policy statements for the calculation of Defendant's sentence pursuant to 18 U.S.C. § 3553 as construed by *United States v. Booker*, 543 U.S. 220 (2005). However, Defendant understands that the U.S.S.G. is advisory and that the Court may take other factors into account on sentencing which would result in a greater or lesser sentence than the sentencing range calculated under the U.S.S.G.

*Id.* at 2. Hernandez also acknowledged he was "aware that any estimate of the sentencing range received from defense counsel [was] not a promise, did not induce the guilty plea or [his] waiver, and [did] not bind the Government, the Probation Office, or the Court." *Id.* at 5.

In exchange for Hernandez's guilty plea and concessions, the Government agreed to

move to dismiss the remaining counts of the superseding indictment and the enhancement. *Id.* at 1–2. The Government also indicated it would not oppose downward adjustments to Hernandez's sentence for his acceptance of responsibility. *Id.* at 3.

On October 3, 2017, Hernandez appeared before the Court with his attorney, Ray Velarde. Hernandez was sworn prior to entering his plea. Plea Transcript 2, ECF No. 193.

The Court explained, because Hernandez was under oath, every time he answered a question he needed to do so truthfully. *Id.* at 4. Hernandez responded he understood. *Id.* The Court asked Hernandez if he was pleading guilty voluntarily. *Id.* at 7. Hernandez responded, "Yes, Sir." *Id.* The Court confirmed Hernandez was not forced, threatened or coerced into pleading guilty, and that no one had offered him any promises or secret deals to induce him to plead guilty. *Id.* The Court then asked Hernandez if he had time to discuss his case with his lawyer, and whether he had discussed the plea agreement in his case. *Id.* Movant responded, "Yes, Sir." *Id.* The Court also asked Hernandez:

> Was anything offered to you to induce you to plead guilty in your case that was not part or not included in the plea agreement document that you signed?

*Id.* at 7–8. Hernandez responded, "No, Sir." *Id.* at 8.

A probation officer prepared a presentence investigation report (PSR). PSR, ECF No. 135. He recommended, "[b]ased upon a total offense level of 27 and a criminal history category of II, [Hernandez's] guideline imprisonment range [was] 78 months to 97 months. *Id.* at ¶ 105. He disclosed a copy of the PSR to Hernandez's counsel on November 22, 2017. Certificate of Disclosure, ECF No. 135-1.

Hernandez's attorney reported in a letter addressed to the probation officer, dated January 30, 2018, "that [he] reviewed the Presentence Investigation Report . . . with [his] client, Mr.

Miguel Angel Hernandez." Def.'s Obj. to PSR 1, ECF No. 166-3.

On February 21, 2018, Hernandez once again appeared before the Court with his attorney for sentencing.

The Court asked Hernandez whether he had discussed the PSR with his counsel:

> THE COURT: And did you have time to discuss with [your attorney] the presentence report in your case?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: Mr. Velarde, you have an objection to the presentence report referring to uncorroborated information about other drugs.
>
> MR. VELARDE: Your Honor, we are going to withdraw that objection.
>
> THE COURT: Okay. The guidelines applicable in this case that are in conformity with the plea agreement are as follows: Total offense level 27, Criminal History Category II, range of custody 78 to 97 months, supervised release four to five years on count one, one to three years respectively on counts two and five, fine range 25,000 to $5 million, special assessment $100 per count, for a total of $300.

Sentencing Tr. 3, ECF No. 194. After listening to Hernandez ask for forgiveness, the Court sentenced him at the top of the guidelines range to 97 months' imprisonment. J. Crim. Case 2, ECF No. 172.

Hernandez did not appeal.

Hernandez now asserts his counsel provided constitutionally ineffective assistance when he: (1) permitted him to enter a guilty plea without the benefit of a plea agreement; (2) represented to him that he would receive a five year sentence or less; (3) allowed him to plead guilty without a "factual resume" and, as a result, he did not enter an intelligent, informed, or voluntary plea; and (4) failed to present him with a copy of the PSR and discuss potential objections to the report. Mot to Vacate 4–5, ECF No. 179. Movant maintains his counsel

should have objected to paragraph 4 of the PSR, which stated "a Notice of Intent to Seek an Enhancement of Punishment was filed in the case of Miguel Angel Hernandez for a prior conviction for Possession of Marijuana, in El Paso Criminal Court, in El Paso County, Texas, under Cause No. 20080D03232," because the prior conviction did not meet the standards for an enhancement. Mem. in Supp. at 8, ECF No. 179-1. Hernandez also maintains his counsel should have objected to paragraph 8 of the PSR, which claimed "[i]nvestigative reports prepared by the Drug Enforcement Administration (DEA) . . . indicate that beginning on or about July 2016 and continuing to June 2017, DEA Strike Force 2 (SF2) had been investigating the drugs and weapons trafficking of the Miguel Angel Hernandez Drug Trafficking Organization (DTO), which operated in El Paso, Texas," because this claim was never proven. *Id.* Hernandez further claims his counsel should have objected to paragraph 10 of the PSR, which identified him as the leader of the DTO, because the confidential source was "most responsible" for the accusation. *Id.* Hernandez finally asserts his counsel should have objected to the enhancements in paragraphs 51, 52, and 58 of the PSR, because he did not accept the factual basis for these enhancements. *Id.* at 9. Hernandez asks the Court to "set aside the sentence and resentence him to a sentencing range of 51–63 months or to the mandatory minimum of 60 months in order to correct a sentencing disparity and a manifest miscarriage of justice." Mot to Vacate 12, ECF No. 179.

## APPLICABLE LAW

### A. 28 U.S.C. § 2255

A court is normally "entitled to presume that the defendant stands fairly and finally convicted" after the defendant has been convicted and exhausted or waived any right to appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S.

152, 164 (1982)). It may, however, consider a defendant's collateral attack a federal sentence through a § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). And it may grant a defendant relief under § 2255 for errors which occurred at trial or at sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

A § 2255 motion is not a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). It "'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (emphasis added) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

The movant ultimately bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). A movant must show that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was more than the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

A court may deny a § 2255 motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny

the motion without a hearing."). Indeed, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* 28 U.S.C. foll. § 2255 Rule 4(b).

When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Thus, a court has "'broad and flexible power . . . to fashion an appropriate remedy.'" *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel—including when entering a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). A court will analyze an ineffective assistance of counsel claim presented in a § 2255 motion under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of

reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94.

To show deficient performance, a movant must establish his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). To establish prejudice where the movant pleaded guilty, the movant must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In addition, the movant must show that going to trial "would have given him a reasonable chance of obtaining a more favorable result," such as an acquittal or an aggregate sentence less than that imposed by the Court. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 S. Ct. 236 (2016). *See also Missouri v. Frye*, 566 U.S. 146–47 (2012) (stating that, to establish prejudice, the defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable," but for the ineffective assistance of counsel).

The burden of proof is on the movant alleging ineffective assistance. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## ANALYSIS

### A. Ineffective Assistance of Counsel before Entering Guilty Pleas

Hernandez asserts his counsel provided constitutionally ineffective assistance when he: (1)

permitted him to enter a guilty plea without the benefit of a plea agreement; (2) represented to him that he would receive a five year sentence or less; and (3) allowed him to plead guilty without a "factual resume" and, as a result, he did not enter an intelligent, informed, or voluntary plea.

The record belies these claims. It shows Hernandez entered into a plea agreement with the Government. Plea Agreement, ECF No. 113. The agreement clearly advised Hernandez he could *not* rely on any representations by his counsel about his sentence:

> Defendant is aware that any estimate of the sentencing range received from defense counsel, the Government or the Probation Office, is not a promise, did not induce the guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court. In other words, Defendant understands that Defendant cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by Defendant's attorney, the attorney for the Government, or the Probation Officer. Realizing the uncertainty in estimating what sentence Defendant will ultimately receive, Defendant knowingly and voluntarily waives the right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement, except as otherwise provided herein.

*Id.* at 5.

At his sentencing hearing, Hernandez confirmed—under oath—that he was not forced, threatened or coerced into pleading guilty, and that no one had offered him any promises or secret deals to induce him to plead guilty. Sentencing Tr. 4, ECF No. 194. He further confirmed that he had discussed his case and the plea agreement with his lawyer. *Id.* He also confirmed that he was not offered anything to induce him to plead guilty which was not included in the written plea agreement. *Id.* at 7–8.

The plea agreement contained a "Factual Basis" supporting his guilty plea. *Id.* at 10. "By signing the Plea Agreement, [Hernandez] admit[ted] that the facts set out in the attached factual basis as alleged by the Government [were] true and correct. *Id.* at 6.

-10-

Hernandez contends in his reply to the Government's response to his § 2255 motion that he "simply answered as his counsel advised and was told 'not to worry' that because of his minor criminal history he would not receive more than the mandatory minimum sentence of 60 months." Reply 2, ECF No. 210. He suggests he was not truthful when questioned—under oath—by the Court. He also suggests his counsel provided ineffective assistance when he failed to obtain a recommended sentence from the Government under Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* at 3.

"Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Consequently, the Court affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Thus, a defendant generally cannot refute his plea hearing testimony, given under oath, with statements made after his conviction. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). A defendant may only obtain habeas relief based on an alleged promise which is inconsistent with his sworn statements made in open court during his plea colloquy if he proves: (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Hernandez asserts his counsel promised him a sentence of 60 months' imprisonment. So he arguably meets the first two requirements identified in *Cervantes*. But his § 2255 motion is devoid of any evidence to corroborate his assertion. Hence, he fails to provide the precise identity of an eyewitness—and his claim fails.

Furthermore, "defendants have 'no right to be offered a plea . . . nor a federal right that the judge accept it.'" *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (quoting *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). To complete a showing of *Strickland* prejudice, a movant must demonstrate there is a reasonable probability that—but for his counsel's purported deficient representation—the Government would have offered him a more favorable plea agreement, and the Court would have accepted such an agreement. *Frye*, at 148. And a movant must do more than speculate about potential benefits he believes he was denied; he must provide concrete evidence that the Government was willing to make a better plea offer. *Welch v. United States*, 370 F. App'x 739, 743–44 (3d. Cir. 2010) (citing *Gallo–Vasquez v. United States*, 402 F.3d 793, 798–99 (7th Cir. 2005); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)).

Hernandez offers no concrete evidence—only speculation—that the Government would have considered offering him a recommended sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)—or that the Court would have accepted it. Hence, his claim fails.

Hernandez is not entitled to § 2255 relief on his claims that his counsel provided ineffective assistance before he entered his guilty pleas.

### B. Ineffective Assistance of Counsel after Entering Guilty Pleas

Hernandez claims his counsel failed to present him with a copy of the PSR and discuss potential objections to the report. Mot to Vacate 5, ECF No. 179.

The record does not support this claim. Hernandez's attorney reported in a letter to the probation officer on January 30, 2018, "that [he] reviewed the Presentence Investigation Report . . . with [his] client, Mr. Miguel Angel Hernandez." Def.'s Obj. to PSR 1, ECF No. 166-3. At his sentencing hearing on February 21, 2018, Hernandez stated—under oath—that he reviewed the

-12-

PSR with his attorney. Sentencing Tr. 3, ECF No. 194. He is not entitled to relief on this claim.

Hernandez suggests his counsel should have objected to paragraph 4 of the PSR, which stated "a Notice of Intent to Seek an Enhancement of Punishment was filed in the case of Miguel Angel Hernandez for a prior conviction for Possession of Marijuana, in El Paso Criminal Court, in El Paso County, Texas, under Cause No. 20080D03232." Mem. in Supp. 8, ECF No. 179-1. He maintains the prior conviction did not meet the standard for an enhancement.

But he plea agreement explained the Government would "move for the dismissal of the enhancement." Plea Agreement 2, ECF No. 113. And the Government did "move to dismiss the . . . enhancement" at Hernandez's sentencing. Sentencing Tr. 6, ECF No. 194. Hence, Hernandez cannot show his counsel's failure to object to paragraph 4 prejudiced his cause, and he is not entitled to relief on this claim.

Hernandez also claims his counsel provided ineffective assistance when he failed to object to specific paragraphs of the PSR.

First, Hernandez suggests his counsel should have objected to paragraph 9 of the PSR. Mem. in Supp. 8, ECF No. 179-1. Paragraph 9 claimed "Investigative reports prepared by the Drug Enforcement Administration (DEA) . . . indicate that beginning on or about July 2016 and continuing to June 2017, DEA Strike Force 2 (SF2) had been investigating the drugs and weapons trafficking of the Miguel Angel Hernandez Drug Trafficking Organization ("DTO"), which operated in El Paso, Texas." PSR ¶ 9, ECF No. 166. Hernandez asserts this claim was never proven.

Second, Hernandez claims his counsel should have objected to paragraph 10 of PSR, which identified him as the leader of the drug trafficking organization. Mem. in Supp. 8, ECF No.

179-1. He argues the confidential source was "most responsible" for the accusation.

Finally, Hernandez contends his counsel should have objected to the enhancements in paragraphs 51, 52, and 58 of the PSR. Mem. in Supp. 9, ECF No. 179-1. In paragraph 51, the probation officer recommended Hernandez received a two-level upward adjustment for possessing a dangerous weapon. PSR ¶ 51, ECF No. 166. In paragraph 52, the probation officer recommended Hernandez receive a two-level upward adjustment for his role in importing a controlled substance into the United States. Id. at ¶ 52. In paragraph 58, the probation officer recommended Hernandez receive a six-level upward adjustment for possessing a firearm with reason to believe it would be transported out of the United States. Id. at ¶ 58. Hernandez asserts he does not accept the factual basis for these enhancements.

Hernandez's counsel asked for corrections to paragraphs 9, 10, 11, 12, and 14 of the PSR. Def.'s Objections to PSR 1, ECF No. 166-3. The Government agreed to revise only paragraph 14, and argued the remaining paragraphs accurately reflected Hernandez's involvement and role in this drug trafficking organization. Addendum to PSR, ECF No. 166-2.

At Hernandez's sentencing, his counsel withdrew his objections, but asked the Court to sentence Hernandez at the bottom of the guidelines range:

> I genuinely ask the Court to please consider a sentence at the low end, which in this case would be the 78 months. I believe that Mr. Hernandez is very sincere and in no way wants to share thoughts with the Court that he does not intend to follow. I do think he will.

Sentencing Tr. 4, ECF No. 194.

Facts contained in a PSR are considered reliable and may be adopted without further inquiry if the defendant fails to present competent rebuttal evidence. *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir.1994). Rebuttal evidence must demonstrate that the

-14-

information is "materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir.1991). Objections, unsupported by facts, do not suffice as competent rebuttal evidence. *Puig-Infante*, 19 F.3d at 943.

Hernandez does not now offer competent evidence which rebuts the facts contained in the PSR. Moreover, had Hernandez's attorney not negotiated the plea agreement which resulted in the dismissal of the enhancement, his term of imprisonment could have been ten years to life in prison.

To prove *Strickland* prejudice due to a mistake by counsel at sentencing, a defendant must show there is a reasonable probability that, but for his attorney's error, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). Hernandez has failed to do this. He has not demonstrated his counsel prejudiced his cause.

Hernandez is not entitled to § 2255 relief on his claims that his counsel provided ineffective assistance after he entered his guilty pleas.

### C. Hernandez's Motion for Relief from a Judgment or Order under Federal Rule of Civil Procedure 60(b)(4)

After Hernandez filed his § 2255 motion, he submitted a motion for relief from the judgment in his criminal case under Federal Rule of Civil Procedure 60(b)(4) (ECF No. 206). He argued the judgment was void because "his PSI was not provided to him 35 days prior to his sentencing hearing, as is required under Fed. R. Crim. P. 32(e) (2)." Mot. 2, ECF No. 206.

Hernandez's "motion was not properly brought pursuant to Rule 60(b) as the Federal Rules of Civil Procedure do not apply to criminal cases." *United States v. Fuller*, 459 F. App'x 346 (5th Cir. 2012) (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999)).

Furthermore, Hernandez' counsel received a copy of the PSR on or about November 22,

2017. Certificate of Disclosure, ECF No. 135-1. Hernandez's attorney reported in a letter, dated January 30, 2018, "that [he] reviewed the Presentence Investigation Report . . . with [his] client, Mr. Miguel Angel Hernandez." Def.'s Obj. to PSR 1, ECF No. 166-3. Hernandez was sentenced on February 21, 2018. Sentencing Tr., ECF No. 194. Thus, the PSR was provided to him for his review 91 days before his sentencing.

Hernandez is not entitled to relief on his Rule 60(b)(4) motion.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Hernandez's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir.

2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Hernandez's § 2255 motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that he could not have raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Movant's § 2255 claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484).

Consequently, the Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes Hernandez has failed to show his counsel provided constitutionally ineffective assistance. Therefore, he is not entitled to § 2255 relief. Additionally, the Court concludes he is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Movant Miguel Angel Hernandez's "Motion under Fed. R. Civ. P. 60(b)(4)" (ECF No. 206) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant Miguel Angel Hernandez is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Movant Miguel Angel Hernandez's "Motion under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 179) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Movant Miguel Angel Hernandez is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this __19__ day of April 2019.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**